

REDACTED

United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street
New York, N.Y. 10007

Date: 3/15/06

Re: United States of America v. Monroe Barrett

Docket number: 95 CR 1024 (MGC)

Dear Clerk:

Pursuant to the Transfer of Jurisdiction signed in the above captioned case, enclosed are the following documents:

(1) certified copy of the Transfer of Jurisdiction;
(2) certified copy of Judgment In A Criminal Case; and
(3) certified copy of the charging instrument, check one:

☒ Indictment
☐ Information and Waiver of Indictment

Your acknowledgment of receipt of the above documents on the copy of this letter will be appreciated.

Sincerely,
J. Michael McMahon, Clerk

By: John Wles
Deputy Clerk

Certified Mail# 7002 0860 0000 7601 3431

---

**RECEIPT IS ACKNOWLEDGED OF THE DOCUMENTS DESCRIBED HEREIN:**

**ASSIGNED CASE NUMBER:** _____     Clerk, U.S. District Court

**DATE:** _____     **By:** _____
                              **Deputy Clerk**

rev. 2/15/2006

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* 95 CR 1024 (MGC) |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* CR06-04 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Barrett, Monroe Wilmington, DE | DISTRICT SOUTHERN DISTRICT OF NEW YORK | DIVISION 1 |
|---|---|---|
| | NAME OF SENTENCING JUDGE Miriam Goldman Cedarbaum | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM November 2, 2004 — TO November 1, 2009 |

OFFENSE

Possession With Intent to Distribute Crack Cocaine, 21 USC 812, 841(a)(1), 841(b)(1)(A), a Class A Felony; and Possession With Intent to Distribute Cocaine, 21 USC 812, 841(a)(1), 841(b)(1)(C), a Class C Felony.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "SOUTHERN DISTRICT OF NEW YORK"

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Delaware upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

December 14, 2005
Date

*signed* Miriam Goldman Cedarbaum
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE District of Delaware

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

January 26, 2006
Effective Date

*signed* Sue L. Robinson
United States District Judge

A TRUE COPY
J. MICHAEL McMAHON, CLERK
BY *signed*
DEPUTY CLERK

AO 245B (Rev. 8/96) Sheet 1 - Judgment In a Criminal Case   P10723 - H. Greer

# United States District Court

## Southern District of New York

CERTIFIED A
TRUE COPY
ON: JUNE 2, 1997
BY: BETTY VAPPI
COURT CLERK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| MONROE BARRETT | Case Number:  1:95CR01024-001 –MGC |
| | CARY BRICKER |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 and 2

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. ' 812 841(a)(1) 841(b)(1)(A) | POSSESSION WITH INTENT TO DISTRIBUTE 'CRACK' COCAINE | 11/15/1995 | 1 |
| 21 U.S.C. ' 812 841(a)(1)841(b)(1)(C) | POSSESSION WITH INTENT TO DISTRIBUTE COCAINE | 11/15/1995 | 2 |

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| Defendant's Soc. Sec. No.: ▮▮▮▮-2356 | 05/27/1997 |
|---|---|
| Defendant's Date of Birth: ▮▮/▮▮/1972 | Date of Imposition of Judgment |
| Defendant's USM No.: 42780-054 | |
| Defendant's Residence Address: ▮▮▮▮▮▮ | *Miriam Goldman Cedarbaum* |
| | Signature of Judicial Officer |
| WILMINGTON     DE     ▮▮▮▮ | MIRIAM GOLDMAN CEDARBAUM  USDJ |
| Defendant's Mailing Address: ▮▮▮▮▮▮ | Name & Title of Judicial Officer |
| WILMINGTON     DE     ▮▮▮▮ | June 2, 1997 |
| | Date |

AO-245B (Rev. 8/96) Sheet 2 - Imprisonment

Judgment-Page __2__ of __5__

DEFENDANT: **MONROE BARRETT**
CASE NUMBER: 1:95CR01024-001 -MGC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __121__ **month(s)**.

**ON COUNTS ONE AND TWO TO RUN CONCURRENTLY WITH EACH OTHER.**

☒ The court makes the following recommendations to the Bureau of Prisons:

**RECOMMEND; BOOT CAMP.
THAT DEFENDANT BE ASSIGNED TO AN INSTITUTION CLOSE TO WILMINGTON, DELAWARE AND WHERE HE CAN STUDY TOWARD GED.**

CONTINUED

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page __3__ of __5__

DEFENDANT: **MONROE BARRETT**
CASE NUMBER: 1:95CR01024-001 -MGC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___5___ year(s).

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **MONROE BARRETT**
CASE NUMBER: **1:95CR01024-001 -MGC**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

**$100.00 ASSESSMENT NOT TO BE COLLECTED UNTIL DEFENDANT ABLE TO PAY.**

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

CLOSED

# U.S. District Court
## Southern District of New York (Foley Square)
### CRIMINAL DOCKET FOR CASE #: 1:95-cr-01024-MGC-ALL
Internal Use Only

Case title: USA v. Barrett
Magistrate judge case number: 1:95-mj-02200

Date Filed: 11/30/1995

A TRUE COPY
J. MICHAEL McMAHON,
BY _____
DEPUTY CLERK

Assigned to: Judge Miriam Goldman Cedarbaum

**Defendant**

**Monroe Barrett** (1)
*TERMINATED: 06/02/1997*

represented by **Cary A. Bricker**
The Legal Aid Society
2 Lafayette Street
Suite 150
New York, NY
*TERMINATED: 06/02/1997*
*LEAD ATTORNEY*
*Designation: Public Defender or Community Defender Appointment*

**Cary A. Bricker**
The Legal Aid Society, Federal Defender Division
52 Duane Street
New York, NY 10007
212-285-2834
*TERMINATED: 06/02/1997*
*LEAD ATTORNEY*

**Pending Counts**

21:841B=ND.F NARCOTICS-SELL, DISTRIBUTE, OR DISPENSE
(1)

21:841B=ND.F NARCOTICS-SELL, DISTRIBUTE, OR DISPENSE
(2)

**Disposition**

The dft. is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a total term of 121 months on counts one and two to run concurrently with each other.

The dft. is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a total term of 121 months on counts one and two to run concurrently with each other.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**United States Of America**    represented by    **Jean Walsh**
Assistant United States Attorney
Mary Jo White, United States Attorney
Criminal Division
One St. Andrew's Plaza
New York, NY 10007
(212) 791-1983
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/16/1995 | 1 | COMPLAINT as to Monroe Barrett ( signed by Magistrate Judge Sharon Grubin ) [ 1:95-m -2200 ] (gh) (Entered: 11/30/1995) |
| 11/16/1995 | 2 | CJA 23 FINANCIAL AFFIDAVIT by Monroe Barrett [ 1:95-m -2200 ] (gh) (Entered: 11/30/1995) |
| 11/16/1995 | 3 | NOTICE of Appearance for Monroe Barrett by Attorney Cary A. Bricker [ 1:95-m -2200 ] (gh) (Entered: 11/30/1995) |
| 11/16/1995 | 4 | ORDER Appointing Federal Public Defender for Monroe Barrett [ 1:95-m -2200 ] (gh) (Entered: 11/30/1995) |
| 11/16/1995 |  | First Appearance as to Monroe Barrett held Preliminary Examination set for 12/1/95 for Monroe Barrett ; Detentio hrg. set for 11/22/95 at 3:00 P.M. [ 1:95-m -2200 ] (gh) (Entered: 11/30/1995) |
| 11/22/1995 |  | Bail hearing as to Monroe Barrett held [ 1:95-m -2200 ] (gh) (Entered: 11/30/1995) |
| 11/28/1995 |  | Bail hearing as to Monroe Barrett held; Detention on consent w/o prejudice to further application. [ 1:95-m -2200 ] (gh) (Entered: 11/30/1995) |

| | | | |
|---|---|---|---|
| 11/30/1995 | | 5 | INDICTMENT as to Monroe Barrett (1) count(s) 1, 2 (Preliminary Examination cancelled.) (lf) (Entered: 12/05/1995) |
| 11/30/1995 | | | **Added Government Attorney Jean Walsh (lf) (Entered: 12/05/1995) |
| 12/07/1995 | | | Arraignment as to Monroe Barrett held Monroe Barrett (1) count(s) 1, 2 before Magistrate Judge James C. Francis IV. Deft. pres. w/atty Jan Roftal. AUSA pres. Deft. pleads n/g. Cont'd detained. Case assigned to Judge Cedarbaum for all purposes. (rag) (Entered: 12/08/1995) |
| 12/07/1995 | | | PLEA entered by Monroe Barrett . Court accepts plea. Not Guilty: Monroe Barrett (1) count(s) 1, 2 (rag) (Entered: 12/08/1995) |
| 12/07/1995 | | | CASE Assigned to Judge Miriam G. Cedarbaum (rag) (Entered: 12/08/1995) |
| 12/07/1995 | | | **Location LC as to Monroe Barrett (rag) (Entered: 12/08/1995) |
| 12/12/1995 | | | Pre-trial conference as to Monroe Barrett held. Dft. in custody U.S. Marshal. Atty. Cary Bricker, AUSA Jean Walsh, and Court reporter Paula Speer present. Conf.adjourned to 1/19/96 at 3:00 P.M. Time between. now and than etc. From Speedy Trial Clock. Pursuant to 18 U.S.C. 3161 (h)(8)(A). Dft. cont'd. detained....Judge Cedarbaum. (mb) (Entered: 12/15/1995) |
| 12/12/1995 | | | Excludable XH started and ended on 12/12/95 as to Monroe Barrett (mb) (Entered: 12/15/1995) |
| 12/12/1995 | | | ORAL ORDER as to Monroe Barrett , reset pretrial conference for 3:00 1/19/96 for Monroe Barrett ( Entered by Judge Miriam G. Cedarbaum ) (mb) (Entered: 12/15/1995) |
| 01/19/1996 | | | ORAL ORDER as to Monroe Barrett , Time Excluded from 1/19/96 to 3/6/96 to Continue in Interests of Justice ( Entered by Judge Miriam G. Cedarbaum ) (mr) (Entered: 03/06/1996) |
| 02/24/1996 | | | ORAL ORDER as to Monroe Barrett , Plea Negotiations adjourned until 5/20/96 at 5:00 pm. , and Time excluded from 3/26/96 until 5/20/96 to Continue in Interests of Justice ( Entered by Judge Miriam G. Cedarbaum ) (mr) (Entered: 05/06/1996) |
| 03/06/1996 | | | ORAL ORDER as to Monroe Barrett , Time Excluded from 3/6/96 to 3/26/96 to Continue in Interests of Justice ( Entered by Judge Miriam G. Cedarbaum ) (mr) (Entered: 03/06/1996) |
| 05/20/1996 | | | Pre-trial conference as to Monroe Barrett held. Dft. in custody of U.S. Marshal and Atty. Cary Bricker. AUSA Jean Walsh and Court reporter Marvin P. Birnbaum present. Dft's. motions by 6/17/96; Govt's response by 7/8/96; Dft's. reply by 7/15/96. Status conference or Oral arguement on 7/26/96 at 10 a.m. time between now and than excluded from Speedy Trial Clock pursuant to 18 U.S.C. 3161 (h)(8) (A).....Judge Cedarbaum. (mb) (Entered: 05/28/1996) |
| 05/20/1996 | | | ORAL ORDER as to Monroe Barrett , set scheduling order deadlines: |

| | | |
|---|---|---|
| | | Motion Filing to 6/17/96 for Monroe Barrett ; Reply to response to motion deadline 7/15/96 for Monroe Barrett ; Response to motion deadline 7/8/96 for USA ; Status Conference for 7/26/96 for Monroe Barrett ( Entered by Judge Miriam G. Cedarbaum ) (mb) (Entered: 05/28/1996) |
| 08/01/1996 | 6 | NOTICE OF MOTION by Monroe Barrett An order suppressing 85 grams of crack cocaine and 18 grams of powder cocaine which was seized subsequent to an illegal arrest by Amtrak Police Officers from a blue garment bag they observed Monroe Barrett carrying onto a train; and , An Order suppressing post-arrest statements attributed to Mr. Barrett following that illegal arrest, or in the alternative, granting a hearing on these motions, pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, and granting such other and further relief as the Court may deem just and proper. .(mb) Modified on 08/28/1996 (Entered: 08/08/1996) |
| 08/27/1996 | 7 | MEMORANDUM of Law by USA as to Monroe Barrett in opposition to [6-1] motion An order suppressing 85 grams of crack cocaine and 18 grams of powder cocaine which was seized subsequent to an illegal arrest by Amtrak Police Officers from a blue garment bag they observed Monroe Barrett carrying onto a train; and, [6-2] motion An Order suppressing post-arrest statements attributed to Mr. Barrett following that illegal arrest, or in the alternative, granting a hearing on these motions, pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, and granting such other and further relief as the Court may deem just and proper. (mb) (Entered: 08/28/1996) |
| 08/30/1996 | | Deft. in custody U.S. Marshal-Atty Cary Bricker. AUSA Jean Walsh and Ct. Reporter Brad Rainoff present. Hrg. set for Sept. 4th at 11 a.m. (rag) (Entered: 09/03/1996) |
| 09/04/1996 | | Evidentiary Hearing as to Monroe Barrett held. Defendant is custody. US Marshal, attorney Cary Bricker, AUSA Jean walsh and Tai Park and court reporter Sandra Miaskoff present. Evidentiary Held and concluded - Decision reserved. (Judge Cedarbaum) (mr) (Entered: 09/06/1996) |
| 11/04/1996 | 8 | Memorandum Opinion and Order as to Monroe Barrett, Monroe Barret moves to suppress cocaine found in a suitcase he carried on board an Amtrak train as well as post-arrest statements. The only issue to be decided is whether Barrett was "seized" within the meaning of the fourth Amendment by the arresting law enforcement officer before he told the officers that the suitcase containing the cocaine did not belong to him . I held an evidentiary hearing at which the two officers and Barrett testified. after considering the evidence presented and evaluating the credibility of the witnesses, I conclude that a reasonable person in Barrett's position would have felt free to refuse the officers' request to answer questions or to otherwise terminate the encounter. Accordingly, Barrett was not seized and the motion must be denied. ( Signed by Judge Miriam G. Cedarbaum ). (mb) (Entered: 11/07/1996) |
| 11/08/1996 | 9 | TRANSCRIPT of record of proceedings as to Monroe Barrett for dates of |

| | | |
|---|---|---|
| | | 9/4/96 before Judge Cedarbaum. (mr) (Entered: 11/08/1996) |
| 12/19/1996 | | Status conference as to Monroe Barrett held. Dft. in custody U.S. Marshal. Atty. Cary Bricker; AUSA Jean Walsh, Court reporter Christina M. Arends Dieck present. Adjourned to 1/15/97 at 4:30 p.m. for plea. Time between now and than excluded from Speedy Trial Clock pursuant to 18 U.S.C. 3161 (H)(8)(A).....Judge Cedarbaum. (mb) (Entered: 12/23/1996) |
| 02/27/1997 | 10 | ORDERED as to Monroe Barrett, That the dft. be transported from M.C.C. to FCI Otisville this evening, 2/27/97. So Ordered ( Signed by Judge Miriam G. Cedarbaum ); Copies mailed. (mb) (Entered: 02/28/1997) |
| 02/27/1997 | | Change of Not Guilty Plea to Guilty Plea by Monroe Barrett Monroe Barrett (1) count(s) 1, 2. Deft. in custody U.S. Marshal, Atty Cary Bricker. AUSA Jean Walsh and Ct. Reporter: Ann Hairston present. Deft. w/d plea of n/g and pleads guilty to Cts. 1 and 2. Ord. PSI. Sentence set for May 27, 1997 at 2:30 p.m. Deft. cont'd remanded. (rag) (Entered: 03/03/1997) |
| 02/27/1997 | | PLEA entered by Monroe Barrett . Court accepts plea. Guilty: Monroe Barrett (1) count(s) 1, 2 (Terminated motions - terminating [6-1] motion An order suppressing 85 grams of crack cocaine and 18 grams of powder cocaine which was seized subsequent to an illegal arrest by Amtrak Police Officers from a blue garment bag they observed Monroe Barrett carrying onto a train; and as to Monroe Barrett (272384), terminating [6-2] motion An Order suppressing post-arrest statements attributed to Mr. Barrett following that illegal arrest, or in the alternative, granting a hearing on these motions, pursuant to Rules 12 and 41 of the Federal Rules of Criminal Procedure, and granting such other and further relief as the Court may deem just and proper. as to Monroe Barrett (272384) ) (rag) (Entered: 03/03/1997) |
| 02/27/1997 | | Court Orders pre-sentence investigation as to Monroe Barrett (rag) (Entered: 03/03/1997) |
| 02/27/1997 | | Sentencing set for 2:30 5/27/97 for Monroe Barrett , Monroe Barrett (1) count(s) 1, 2 (rag) (Entered: 03/03/1997) |
| 05/27/1997 | | Sentencing held Monroe Barrett (1) count(s) 1, 2. (mb) (Entered: 06/04/1997) |
| 06/02/1997 | 11 | Filed letter dated 2/24/97 to judge Cedarbaum by Monroe Barrett. Re: Sentencing Guidelines. (mb) (Entered: 06/02/1997) |
| 06/02/1997 | 12 | Filed letter dated 5/14/97 to Mrs. Francis Henry from Donna Curro, Secretary to Judge Cedarbaum as to Monroe Barrett. Re: Status of the dft. (mb) (Entered: 06/02/1997) |
| 06/02/1997 | 13 | Filed letter dated 4/24/97 to Judge Cedarbaum by Frances Henry, as to Monroe Barrett. Re: request for the location of the dft. (mb) (Entered: 06/02/1997) |

| | | |
|---|---|---|
| 06/02/1997 | 14 | Filed letter dated 9/6/96 to Judge Cedarbaum from Cary Bricker, Esq. by Monroe Barrett. Re: Dft's. motion to supress. (mb) (Entered: 06/02/1997) |
| 06/02/1997 | 15 | Filed letter dated 9/17/97 to Judge Cedarbaum from Jean Walsh, AUSA Monroe Barrett. Re: Govt's. letter in opposition to the dft's. motion to suppress. (mb) (Entered: 06/02/1997) |
| 06/02/1997 | 16 | Filed letter dated 9/3/96 to Judge Cedarbaum from Jean Walsh, AUSA as to Monroe Barrett. Re: Govt. moves in limine to preclude the dft. from using the respective rulings of Judge Kaplan and Batts in recent suppression hearing. (mb) (Entered: 06/02/1997) |
| 06/02/1997 | 17 | FILED JUDGMENT IN A CRIMINAL CASE. Dft. present with atty. Cary Bricker, Esq. Dft. Monroe Barrett (1) plead guilty to count(s) 1, 2. The dft. is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the sentencing Reform Act of 1984. It is ordered that dft. shall pay a special assessment $ 100.00 for counts 1 and 2 which shall be due immediately. IT IS FURTHER ORDERED that the dft. shall notify the U.S. Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. The dft. is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a total term of 121 months on counts one and two to run concurrently with each other; The Court makes the following recommendations to the Bureau of Prisons: Boot Camp. that the dft. be assigned to an institution close to Wilmington, Delaware and where he can study toward his GED. Upon release from imprisonment, the dft. shall be on supervised release for a term of 5 years. The dft. shall not possess a firearm as defined in 18 U.S.C. SS 921. Statement of reasons attached. Judgment and Commitment issued to U.S. Marshal ( Signed by Judge Miriam G. Cedarbaum ) (mb) (Entered: 06/04/1997) |
| 06/02/1997 | | Terminated party Monroe Barrett. (mb) (Entered: 06/04/1997) |
| 06/02/1997 | | Case closed as to all defendants: Monroe Barrett (mb) (Entered: 06/04/1997) |
| 06/04/1997 | | Docketed as a Judgment #97,1168 on 6/4/97. (rag) (Entered: 06/06/1997) |
| 08/11/1997 | 18 | Judgment Returned Executed as to Monroe Barrett ; on 7/21/97 (rag) (Entered: 08/11/1997) |
| 01/26/2006 | 19 | Supervised Release Jurisdiction Transferred Out to the U.S.D.C. District of Delaware as to Monroe Barrett. (jw, ) (Entered: 03/14/2006) |
| 01/26/2006 | | TRANSFER OUT SUPERVISED RELEASE DOCUMENTS SENT as to Monroe Barrett to the U.S.D.C. District of Delaware. The following documents were mailed: Copy of the Transfer of Jurisdiction Form, certified copy of the docket sheet, and letter of acknowledgment. Indictment/Information missing. Mailed via Certified Mail # 70020860000076013431 on 3/15/06. (jw, ) (Entered: 03/15/2006) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v -                                    :          INDICTMENT

MONROE BARRETT,                              :          95 Cr.
    a/k/a "Mike Taylor"
                                             :
            Defendant.
                                             :

- - - - - - - - - - - - - - - - - - - x

COUNT ONE

The Grand Jury charges:

On or about November 15, 1995, in the Southern District of New York, MONROE BARRETT, a/k/a "Mike Taylor", the defendant, unlawfully, intentionally, and knowingly possessed with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of cocaine base in a form commonly known as "crack", to wit, approximately 85 grams of "crack".

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A)).

COUNT TWO

The Grand Jury further charges:

On or about November 15, 1995, in the Southern District of New York, MONROE BARRETT, a/k/a "Mike Taylor", the defendant, unlawfully, intentionally and knowingly and possessed with intent

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
        DEPUTY CLERK

95CR1024-MGC

AUG. 30, 1996 - Conf.

DEFT in custody U.S. MARSHAL- Atty. CARY BRICKER AUSA JEAN WALSH + Ct. REPORTER BRAD RAINOFF PRES. HRG. SET FOR SEPT 4TH AT 11AM...... CEDARBAUM, J.

SEPT. 4, 1996 - EVIDENTIARY HRG.

DEFT in custody U.S. MARSHAL - Atty CARY BRICKER AUSA JEAN WALSH + TAI PARK + Ct. REPORTER: SANDRA MIASKOFF PRES. Evidentiary Held + Concluded - Decision Reserved... CEDARBAUM, J.

DEC. 19, 1996   Conf.

DEFT in custody U.S. MARSHAL- Atty CARY BRICKER. AUSA JEAN WALSH + Ct. REPORTER: CHRISTINA M. ARENDS DIECK PRES. ADJ. TO JAN. 15, 1997 4:30 P.M. ... FOR PLEA.. TIME BET. NOW + THAN EXC. FROM SPEEDY TRIAL CLOCK PURS. T-18 USC 3161 (h)(8)(A). ... CEDARBAUM, J.

FEB. 27, 1997   PLEA

DEFT in custody U.S. MARSHAL Atty CARY BRICKER AUSA JEAN WALSH + Ct. REPORTER: ANN HAIRSTON PRES. DEFT W/D PLEA OF N/G + PLEADS GUILTY TO CTS 1 + 2. ORD PSI SENT SET FOR MAY 27, 1997 AT 2:30 P.M. DEFT. Cont'D. REMANDED.... CEDARBAUM, J.

to distribute a mixture and substance containing a detectable amount of cocaine, to wit, approximately 18 grams of cocaine.

(Title 21, United States Code, Sections 812 and 841 (b)(1)(C).)

[redacted]
FOREPERSON

*Mary Jo White*
MARY JO WHITE
United States Attorney

MAY 27, 1997 - SENTENCE 95 CR1024

DEFT. in CUSTODY U.S. MARSHAL - ATTY CARY BRICKER. AUSA JEAN T. WALSH & CT. REPORTER AMY RIVERA PRES. . . .

CTS 1 & 2. 121 MOS IMPR. CONC.
5 YRS. S/RELEASE
NO FINE
$100.00 ASSESSMENT - NOT TO BE COLLECTED UNTIL DEFT. ABLE TO PAY.

RECOMMEND. BOOT CAMP.
RECOMMEND. BUREAU OF PRISONS THAT DEFT BE ASSIGNED TO AN INSTITUTION CLOSE TO WILMINGTON, DELAWARE AND WHERE HE CAN STUDY TOWARD GED.
DEFT. NOTIFIED OF RIGHT TO APPEAL.
DEFT CONTD. REMANDED.

MBC CEDARBAUM, J.

1q5 CR 1634-

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- v -

MONROE BARRETT,
a/k/a "Mike Taylor,"

               Defendant.

**INDICTMENT**
95 Cr.

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(C).)

A TRUE BILL

                                                                  [redacted signature]
                                                                  Foreperson.

*[Handwritten annotations:]*

POST 11-1-87

11-30-95 Filed indictment.
TC

PECK, USMJ

12-7-95 Deft pres w/ Atty Ja Reftat. AUSA pres. Deft pleads N/G.
Cont'd Detained. Case assigned to Judge Cedarbaum for all purposes.
                                                                       May J Francis

*[Side margin:]* 95 CR 0024 MGC